UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DAVID NEWLAND, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 17-CR-623 JLS<br><br>**ORDER GRANTING DEFENDANT LAUSMAN'S MOTION TO COMPEL DISCOVERY**<br><br>(ECF No. 1005) |

　　　　Presently before the Court is Defendant Lausman's Motion to Compel Discovery Regarding *Brady*/*Giglio* Violation ("Mot.," ECF No. 1005). All Defendants are deemed to have joined in the Motion. The Government filed a response to the Motion ("Resp.," ECF No. 1014), and Defendant Lausman filed a reply in support of the Motion (ECF No. 1018) (under seal).

　　　　The Supreme Court held in *Brady* and *Giglio* that the government has a duty to disclose evidence favorable to an accused where the evidence is either exculpatory or impeachment material. *Strickler v. Greene*, 527 U.S. 263, 280 (1999) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). *Giglio* obligates the government "to turn over to the defense in discovery *all* material information casting a shadow on a government witness's credibility." *United States v. Bernal-Obeso*, 989 F.2d 331, 334 (9th Cir. 1993) (citing

*United States v. Shaffer*, 789 F.2d 682, 689 (9th Cir. 1986)) (emphasis in original). The Ninth Circuit has held that impeachment material is "especially likely to be material when it impugns the testimony of a witness who is critical to the prosecution's case." *United States v. Price*, 566 F.3d 900, 914 (9th Cir. 2009) (quoting *Silva v. Brown*, 416 F.3d 980, 987 (9th Cir. 2005)).

Defendant Lausman contends that the Government failed to disclosure that Special Agent Cordell DeLaPena, who testified at trial on behalf of the Government, provided false information in his sworn affidavit in support of a complaint filed in *United States v. Rafaraci*, Criminal No. 1:21-cr-00610-DLF (D.C.C.). Mot. at 1. Defendant Lausman seeks a Court order compelling the Government to produce all documents relevant to Agent DeLaPena's false statements in the *Rafaraci* matter. *Id.* at 5; *see also id.* Ex. A (ECF No. 1005-1). The Government claims that the parties in *Rafaraci* agreed that there was no misconduct by Agent DeLaPena. Resp. at 1. The Government contends that the factual inaccuracies "have a clear, innocent explanation" and that the record in *Rafaraci* is "unequivocal and uncontroverted" that Agent DeLaPena did not commit misconduct. *Id.* at 3 n.3. Therefore, the Government argues Defendant Lausman is not entitled to discovery on this issue because the information does not constitute impeachment material under *Giglio*. *Id.* at 5.

The Government is under a continuing obligation to produce impeachment material under *Brady* and *Giglio*. Based on the evidence presently before the Court, it is clear that, at a minimum, Agent DeLaPena made misrepresentations in his sworn affidavit, which resulted in significantly reduced charges in *Rafaraci*. Given the similarity between offenses in both cases, Agent DeLaPena's critical role in the instant case, and the several instances of failure to disclose in this case, the Court finds that Defendants are entitled to discovery of the underlying facts related to Agent DeLaPena's misrepresentations. Accordingly, the Court **GRANTS** Defendant Lausman's Motion to Compel (ECF No.

///

///

1005). The Government shall promptly produce the discovery described in Defendant Lausman's Exhibit A (ECF No. 1005-1).

**IT IS SO ORDERED.**

Dated: July 28, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge